## No. 13,547.

### INDUSTRIAL COMMISSION ET AL. *v.* MONTGOMERY.

(37 P. [2d] 532)

Decided September 17, 1934. Rehearing denied November 13, 1934.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. EMORY L. O'CONNELL, for plaintiffs in error.

MR. HORACE N. HAWKINS, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error, Jacob Meininger, claims compensation under the Workmen's Compensation Act. The defendant in error, William L. Montgomery, is the alleged employer. The Industrial Commission having awarded compensation, Montgomery commenced an action in the district court, which set aside the award. Meininger asks review and reversal.

The accident happened on the night of September 11, 1933, when the claimant was driving a motor truck that overturned and injured him. He filed the requisite notice with the commission on October 4. Seventeen days later Montgomery filed the following "objections": "1. That it is not shown * * * that * * * Montgomery * * * was subject to [the provisions of the Act] on * . * * the date of the alleged injury. 2. * * * that * * * [Montgomery] was not regularly employing * * * four employees, * * * and that therefore [the] commission could in no event have any jurisdiction to award compensation * * * against [him]. 3. [Montgomery] admits that * * * [claimant] was injured, but as to the nature of the injury or the extent thereof [Montgomery] is without information. Wherefore [Montgomery] prays that either he or his attorney be afforded the opportunity of being present at the hearing set * * * and the opportunity to cross-examine such witnesses as might be offered * * * and to submit such testimony in his own behalf as might be necessary and pertinent."

Hearings were had before a referee of the commission on December 20 and 26, 1933. Montgomery was present on both dates in person and by attorney, but introduced no evidence. According to the record the only evidence introduced was the testimony of the claimant and that of the physician who attended him after the accident. The physician's testimony bore only upon the nature and the extent of the injury, concerning which no point is raised herein. Consequently, the case must here be judged wholly on the testimony of the claimant himself.

On December 28, 1933, the referee made an award of compensation.

A petition for review was duly filed by Montgomery, alleging: "1. That it is not shown by the evidence herein that [Montgomery] was or is subject to the compensation law * * *. 2. That it is not shown that [Montgomery] was hiring * * * four or more [employees]. 3. That the evidence * * * does not show that the claimant was working for [Montgomery] in such manner as to constitute him an employee * * *. 4. That the referee is without jurisdiction and without power to make an award against [Montgomery], and from the showing made both the referee and the Industrial Commission of Colorado are without jurisdiction and power to make an award against [Montgomery] for the reason that there is no showing and no evidence upon which to base or predicate such an award."

The Industrial Commission by its "findings of fact and award" of January 17, 1934, affirmed the award of its referee.

Montgomery then filed another petition for review, substantially identical with that interposed to the award made by the referee. The commission by its "supplemental award" of February 2, 1934, affirmed the award. On February 21, 1934, this case was brought in the district court.

The injury itself being admitted, the two facts remaining to be proved before the commission were that Montgomery was the employer of at least four men, and that the claimant was one of those employees.

 With obviously sincere insistence, counsel for Montgomery contends that the evidence adduced before the commission was insufficient to sustain the award, and that the lower court was right in setting the award aside. The argument of counsel is this: Though the claimant said on direct examination that he was employed by Montgomery and that Montgomery employed three other drivers and a clerk, he said on cross-examination

that he and the other alleged employees "worked for the Highway Coal Company," and therefore, Montgomery's counsel says, Montgomery was not the employer. We do not draw the same inference from the claimant's words as counsel does. The statements that Montgomery had employed the claimant and the other four persons were made in unqualified terms. Those statements were not retracted unless the cross-examination be considered as a necessarily implied retraction. We do not think such is the case. It is a matter of common knowledge that many natural persons do business under a corporate name, though there is no incorporation. There may be strong reasons for adopting that course. For instance, the individual operator may, for publicity or other purposes, actively encourage the designation of himself by what resembles a corporate name, in order to emphasize a particular brand or title which he or some predecessor at the same plant has bestowed upon his product. When questioned as to his knowledge whether the Highway Coal Company was or was not a corporation, the claimant unhesitatingly responded that he did not know. It may be, for all we can tell from the record, that Montgomery was the operator of the mine, but desired to have his coal become known as "Highway Coal," instead of Montgomery's coal. In view of the loose thought and loose expression common to the average layman, such as the claimant manifestly is, Montgomery's mine might easily be thought of and spoken of as the "Highway Coal Company." No effort was made by Montgomery to prove even that there was a corporation, either de jure or de facto, bearing the aforesaid corporate name. The burden of attacking the prima facie proof against Montgomery was upon the latter; he failed to sustain it. Moreover, Montgomery might have had an arrangement with a corporation of the name, as its lessee or otherwise, in a manner that would still make him the responsible employer. This could be true even if for business or personal reasons he should use, with

or without authority from the corporation, its corporate name.

The commission was within its rights, as a fact-finding body, in finding upon the evidence actually before it that the employer of the claimant and of the other four alleged employees was Montgomery. The judgment of the district court must therefore be reversed, with directions to return the record of the commission to the latter with an affirmance of the commission's award.

Judgment reversed with directions.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.